Argued January 25, affirmed March 5, reconsideration
denied April 16, petition for review denied April 24, 1979

VETTER, et al, *Appellants,*
*v.*
BANK OF OREGON, *Respondent.*
(TC 100022, CA 10958)
591 P2d 768

William B. Wyllie, Salem, argued the cause and filed the briefs for appellants.

Rudy Lachenmeier, of Vergeer, Roehr & Sweek, Portland, argued the cause and filed the brief for respondent Bank of Oregon.

Before Schwab, Chief Justice, and Buttler and Joseph, Judges, and Tongue, Judge Pro Tempore.

TONGUE, J., pro tempore.

**TONGUE, J.,** pro tempore.

This is an action for damages against a bank by debtors of the bank for breaching its duty as a secured creditor to sell collateral repossessed from plaintiffs in a commercially reasonable manner, as required by the Uniform Commercial Code, ORS 79.5040.[1]

Plaintiffs' assignments of error are that the trial court erred in the instruction given by it defining the standard of "commercial reasonableness" for application to the sale of such collateral, and also erred in failing to give two instructions requested by plaintiffs on that same subject.

ORS 79.5040(3) relates to a secured party's right to dispose of collateral after default and provides, among other things, that "every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable."

ORS 79.5070(2) provides, however, that:

> The fact that a better price could have been obtained by a sale at a different time or in a different method from that selected by the secured party is not of itself sufficient to establish that the sale was not made in a commercially reasonable manner. If the secured party either sells the collateral in the usual manner in any recognized market therefor or if he sells at the price current in such market at the time of his sale or if he has otherwise sold in conformity with reasonable commercial practices among dealers in the type of property sold he has sold in a commercially reasonable manner. * * *"

The instruction given by the trial court included these statutory provisions, although in reverse order. Plaintiffs contend the trial court erred in giving that instruction in that it gave "only one instruction which, standing alone, was prejudicial to plaintiffs, and mislead and confused the jury on the proper standard

---

[1] The complaint also alleged a separate cause of action for breach of contract, which is not involved in this appeal.

[183]

of commercial reasonableness" and that this instruction "could have been clarified had the judge read plaintiffs' two requested instructions."

Plaintiffs' brief does not set forth the exception made by them to that instruction at the time of trial. Because our rules require that this be done we could disregard this assignment of error for that reason.[2]

Upon examination of the record, however, it appears that in the course of taking an exception to that instruction plaintiffs' attorney stated that "it is a proper statement of the law, but it is out of context unless you gave our requested instruction No. 3 and 4, which explains what a * * * commercially reasonable transaction requires." It follows that the trial court did not err in giving that instruction unless it erred in failing to give the two instructions requested by plaintiffs, as next discussed.

The first of two requested instructions was that:

"The standard of commercial reasonableness requires the secured party to use every effort to sell the collateral under every possible advantage of time, place and publicity. This means that the secured party is to use his best efforts to see that the highest possible price is received for the collateral."

Plaintiffs contend that this requested instruction is a correct statement of the law because it is taken directly from 2 Gilmore, Security Interests in Personal Property 1233-34 (1965), as quoted with approval by the Oregon Supreme Court in *Weiss v. Northwest Accept. Corp.*, 274 Or 343, 354, 546 P2d 1065 (1976). Although we are, of course, bound by the decisions of that court, we do not believe that it intended, by its quotation from *Gilmore*, to require the literal application of such a strict rule to a case such as this.

*Weiss* involved a contention by a secured creditor that it had a right under ORS 79.5040 to sell logging

[2] Rules of Procedure of Supreme Court and Court of Appeals of the State of Oregon, Rule 7.19 and Appendix D, Illustration 6.

equipment "in its unwashed, unclean condition," and that evidence that "cleaning and washing might increase the amount paid for the equipment" on its sale by the creditor was not relevant and was improperly admitted. After quoting from *Gilmore*, and in holding that the trial court did not err in admitting that evidence, the court said:

"From the context of the entire statutory scheme, aided by Gilmore's comments, we interpret the statute to mean that the security holder may sell the collateral in the condition it is in when the security holder gains possession or may have to prepare it for sale, *whatever is commercially reasonable.* Preparing it for sale *might* include washing and cleaning the property." (Emphasis added)

In other words, the court in *Weiss* used Gilmore's comments as an aid to interpretation. The court did not *hold* that this was what the statute required. The decision instead rests upon the express requirements of ORS 79.5040(3) and 79.5070(2). ORS 79.5040(3) requires that if a secured creditor undertakes to sell the security for the debt owed to him, "every aspect of the disposition" must be "commercially reasonable." ORS 79.5070(2) goes on to provide that such a sale is made in a "commercially reasonable manner" if it is made in such a manner as to satisfy the requirements as stated in that subsection. As previously stated, the jury was instructed in the language of those statutory provisions.

Nothing in the requirements as stated in those statutes provides that the secured creditor must use *"every effort"* to sell the collateral under *"every possible advantage of time, place and publicity,"* as stated in plaintiffs' requested instruction. Indeed, it is expressly stated in ORS 79.5070(2) that:

"The fact that a better price could have been obtained by a sale at a different time or in a different method from that selected by the secured party is not of itself sufficient to establish that the sale was not made in a commercially reasonable manner. * * *"

[185]

■ If the law were as contended by plaintiffs, a secured creditor might be required, as a matter of "publicity," to advertise in all newspapers, including the Wall Street Journal, and might also be required, as a matter of "time," to advertise the sale for an unlimited period of time, so as to exhaust "*every* effort" to obtain the "highest possible price." Had the requested instruction been stated as requiring "every *reasonable* effort" and "every *reasonably* possible advantage of time, place and publicity," it might have been proper. As stated, however, we hold that the requested instruction was not a correct statement of the law and was properly refused by the trial court.

The second requested instruction was that:

"If you find that defendants did not use their best efforts to obtain the highest price *or if you find that the buyer of the collateral was acting in concert with defendants* or if you find the price received was substantially less than the fair market value you may find that the sale was not conducted in a reasonably commercial manner." (Emphasis added)

In support of this requested instruction plaintiffs contend that as a result of the failure of the trial court to give that instruction, the "correct standard of commercial reasonableness was not clear" and that the instruction given "may have confused the jury." Plaintiffs cite cases in which sales which were "private" or were made "with only a minimum of publicity" were held to be not "commercially reasonable" under the particular facts of those cases. Plaintiffs say that in this case the sale was made to a "friend" at a price of 75 percent of wholesale; that defendant did not "pursue and accept" a higher offer; that this was a "private or closed sale" and that "the jury should have been made aware of the appropriate standard by which to measure defendants' actions."

■ The fact that the sale was made to a "friend"; the fact that defendant did not "pursue and accept" a higher offer, and the fact that the price obtained was less than the "wholesale" price, as well as other facts

[186]

and circumstances relating to the sale of the goods, were proper subjects for jury argument on the question whether the sale was "commercially reasonable." It does not follow, however, that plaintiffs were entitled, as a matter of right, to instructions by the court on such matters; provided, of course, that the court properly instructed the jury on the law applicable to the case.

■ We hold that the trial court adequately instructed the jury on the law. Again, plaintiffs conceded on trial that the instruction given by the court was a "proper statement of the law." This being so, and although it might not have been error for the trial court to attempt to "clarify" that statement of the law by more specific instructions, the trial court was not required to do so.

■ In addition, we believe that the reference in this requested instruction to "acting in concert" was subject to possible misunderstanding by the jury, with the result that it was also not error to refuse to give that instruction for that additional reason.

Finding no error, the judgment of the trial court is affirmed.